J-S34039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARQUIS DEMONE WILLIAMS | |
| Appellant | No. 1888 WDA 2013 |

Appeal from the Judgment of Sentence October 28, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000365-2013

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARQUIS DEMONE WILLIAMS | |
| Appellant | No. 1889 WDA 2013 |

Appeal from the Judgment of Sentence October 28, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003345-2012

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:           **FILED JANUARY 29, 2015**

Appellant, Marquis Demone Williams, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his open guilty pleas to possession of a controlled substance with intent to deliver ("PWID"), delivery of a controlled substance, and criminal use of

communication facility.[1]  We affirm the convictions, vacate the judgment of sentence, remand for resentencing, and deny counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. In July 2012, the Pennsylvania Office of Attorney General utilized a confidential informant ("CI") to conduct three controlled purchases of heroin from Appellant.  For each transaction, the CI made telephone contact with Appellant and arranged to purchase $150.00 worth of heroin.  Thereafter, the CI met with Appellant and exchanged pre-recorded U.S. currency for the heroin.  On each occasion, Appellant wrapped the heroin in pieces of aluminum foil.  On August 2, 2012, an undercover agent contacted Appellant and conducted another controlled purchase of $150.00 worth of heroin.

On August 3, 2012, police executed a search warrant at 2125 E. 10th Street in Erie.  Appellant and another individual were present at the residence during the search.  Inside the residence, police discovered a firearm, four pieces of aluminum foil containing heroin, drug paraphernalia, and loose and packaged marijuana.  Police also found $1,441.00 in U.S. currency on Appellant's person.  Appellant later told police that the heroin belonged to him, and he possessed it for personal use.

On January 22, 2013, the Commonwealth filed a criminal information at No. 3345 of 2012, charging Appellant with offenses related to the

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512.

execution of the search warrant. On March 12, 2013, the Commonwealth filed a criminal information at No. 365 of 2013, charging Appellant with offenses related to the controlled purchases of heroin. At both docket numbers, Appellant filed omnibus pretrial motions. Appellant claimed the Commonwealth failed to provide proper notice of the charges, and it failed to provide a copy of the affidavit of probable cause for the search warrant. Appellant also asserted that the court should suppress all physical evidence and statements, due to the Commonwealth's allegedly illegal investigation. On June 19, 2013, the court denied Appellant's pretrial motions.

On September 10, 2013, Appellant executed a statement of understanding of rights prior to his guilty pleas. The statement explained that Appellant had entered into the following plea bargain:

> The only plea bargain in my case is [Appellant] will plead guilty as charged at Docket No. 3345 of 2012 to [PWID], and in exchange, the Commonwealth will *nolle* [*prosequi*] Counts Two, Three and Four, and guilty at Docket No. 365 of 2013 to [delivery of a controlled substance and criminal use of communication facility], and in exchange the Commonwealth will *nolle* [*prosequi*] Counts Two, Three, Four, Five, Six, Seven and Eight, with costs on [Appellant].

(Statement of Understanding of Rights, filed 9/10/13, at 1). The statement indicated that Appellant faced a mandatory minimum sentence for the offense of PWID, but the parties had not negotiated a specific sentence.

That same day, the court conducted a hearing; and Appellant pled guilty at both docket numbers. At the hearing, the Commonwealth provided the factual basis for the pleas. For the PWID charge at No. 3345 of 2012,

Appellant admitted that the amount of heroin at issue was two (2) grams and that he knew he would be subject to a mandatory minimum sentence, due to the weight of the heroin. At the conclusion of the hearing, the court accepted the guilty pleas and scheduled the matter for sentencing.

On October 28, 2013, the court conducted Appellant's sentencing hearing. At No. 3345 of 2012, the court sentenced Appellant to two (2) to four (4) years' imprisonment for PWID, which included a mandatory minimum term, pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i). At No. 365 of 2013, the court sentenced Appellant at the low end of the standard guidelines range to twenty-one (21) to forty-two (42) months' imprisonment for delivery of a controlled substance, consecutive to the sentence imposed at No. 3345 of 2012. The court also sentenced Appellant to three (3) years' probation for criminal use of communication facility, consecutive to the sentence imposed for delivery of a controlled substance.[2] Appellant did not object at sentencing or file post-sentence motions challenging the discretionary aspects of sentencing or seek to withdraw his guilty pleas.

Appellant timely filed notices of appeal at both docket numbers on November 27, 2013. That same day, counsel filed statements of intent to

_____

[2] With a prior record score ("PRS") of five (5) and an offense gravity score ("OGS") of six (6), the standard range for Appellant's delivery conviction was twenty-one (21) to twenty-seven (27) months. With a PRS of five (5) and an OGS of five (5), the standard range for Appellant's criminal use of communication facility conviction was twelve (12) to eighteen (18) months.

file a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court consolidated the appeals *sua sponte* on January 27, 2014. On June 27, 2014, this Court remanded the matter, directing the trial court to order the transcription of all notes of testimony. Further, we ordered appellate counsel to file a brief in full compliance with **Anders** or a proper advocate's brief. Appellate counsel subsequently filed an **Anders** brief and petition for leave to withdraw.

As a preliminary matter, appellate counsel again seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super.

2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel reviewed the record and concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional points or arguments Appellant deems worthy of this Court's consideration. In her **Anders** brief, counsel provides a summary of the procedural history of the case. Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law. The brief also provides counsel's reasons for her conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issue raised in the **Anders** brief:

> WAS THE SENTENCE IN THIS CASE MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE, AND NOT INDIVIDUALIZED AS REQUIRED BY LAW, PARTICULARLY IN ITS FAILURE TO CONSIDER MITIGATING FACTORS AND THE FACT THAT [APPELLANT] HAD NOT BEEN IN TROUBLE WITH THE LAW FOR OVER A DECADE?

(**Anders** Brief at 1).

Appellant contends the court violated the fundamental norms underlying the sentencing process, because it imposed a sentence that was not individualized. Appellant emphasizes he had not been arrested "for quite

some time" prior to committing the offenses at issue. (**Anders** Brief at 4). Appellant argues a less restrictive punishment, such as probation or a shorter term of incarceration, would have better served his rehabilitative needs. Appellant concludes the court abused its discretion by imposing a manifestly excessive and clearly unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence.[4] **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

---

[4] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to sentencing at No. 365 of 2013. At No. 3345 of 2012, the parties agreed that Appellant faced a mandatory minimum sentence, with no further negotiated sentence. Thus, Appellant can challenge the discretionary aspects of his sentence.

preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. ***Mouzon, supra*** at 435, 812 A.2d at 627. A claim that the sentencing court abused its discretion by failing to impose an individualized sentence raises a substantial question. ***Commonwealth v. Ahmad***, 961 A.2d 884, 887 (Pa.Super. 2008).

In the instant case, Appellant's Rule 2119(f) statement preserved his claim regarding the court's purported error at sentencing.[5] Appellant's challenge appears to raise a substantial question as to the discretionary aspects of his sentence. ***See id.***

Our standard of review concerning the discretionary aspects of

---

[5] Appellant did not object at sentencing or file a post-sentence motion raising the claim advanced in his Rule 2119(f) statement. Nevertheless, in light of counsel's motion to withdraw, we will address Appellant's contention. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining ***Anders*** requires review of issues otherwise waived on appeal).

- 10 -

sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010) (quoting *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005)).

> In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation.  Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Moury, supra* at 171 (internal citations and quotation marks omitted).

Instantly, the court had the benefit of a PSI report.  (*See* N.T. Sentencing Hearing, 10/28/13, at 13-14, 17.)  Therefore, we can presume

the court considered the relevant sentencing factors. *See Moury, supra*.

At No. 3345 of 2012, the court imposed a mandatory minimum sentence. At

No. 365 of 2013, the court imposed a standard range sentence for

Appellant's delivery conviction. The court also imposed only a probationary

sentence for Appellant's criminal use of communication facility conviction.

Under these circumstances, Appellant's sentences were appropriate. *Id.*

Moreover, the court provided the following on-the-record statement in

support of the sentences imposed:

> Well, I've read the [PSI] report as I've indicated and the
> Sentencing Guidelines have been reviewed. And I am
> concerned with your criminal history. I recognize a lot of
> it's from the [1990's] and there hasn't been anything since
> then. But I don't think you were here to mow grass or to
> work.[6] And that somehow you got involved in the heroin
> trade here to the point where the Attorney General's
> Office, through a confidential informant, was able to buy
> heroin from you on July 13, 2012. And when you were
> arrested a couple weeks later you had more heroin and
> more money on you. And heroin is a real, real problem in
> this community, as it is in a lot of communities.

(*See* N.T. Sentencing Hearing at 17-18.) Contrary to Appellant's argument,

the court's statement demonstrated that it was aware of Appellant's criminal

history. Thus, the court did not abuse its discretion, and Appellant is not

entitled to relief for his challenge to the discretionary aspects of sentencing.

---

[6] At the sentencing hearing, the parties noted that Appellant was thirty-nine
(39) years old at the time of the offenses, he runs his own lawn care
business, he resides in the state of Michigan, and he was visiting an
acquaintance in Erie at the time of the offenses.

***See Hyland, supra***.

Regarding the imposition of a mandatory minimum sentence at No. 3345 of 2012, we are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt (or admitted in the case of a guilty plea). Here, the court imposed a mandatory minimum sentence per Section 7508 for Appellant's PWID conviction. Consequently, we elect *sua sponte* to review the legality of Appellant's PWID sentence. ***See Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001) (explaining challenge to application of mandatory minimum sentence is non-waiveable challenge to legality of sentence, which this Court can raise *sua sponte*).

Section 7508(a)(7)(i) sets forth a mandatory minimum sentence of two (2) years' imprisonment where a defendant is convicted of PWID involving at least one (1) gram of heroin but less than five (5) grams. 18 Pa.C.S.A. § 7508(a)(7)(i). Section 7508(b) states that the statutory provisions shall not be an element of the crime and applicability of the statute shall be determined at sentencing by a preponderance of the evidence. 18 Pa.C.S.A. § 7508(b). Recently, in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court addressed the

- 13 -

constitutionality of a similar statute, 42 Pa.C.S.A. § 9712.1, in light of the *Alleyne* decision.[7]  Relying on *Alleyne*, *Newman* held that Section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." *Newman, supra* at 98.  Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1.  *See also Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014) (extending logic of *Alleyne* and *Newman* to Sections 42 Pa.C.S.A. §§ 9712, 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard).

Subsequently, this Court directly addressed the constitutionality of Section 7508 in *Commonwealth v. Vargas*, ___ A.3d ___, 2014 PA Super 289 (filed December 31, 2014) (*en banc*).  In *Vargas*, the court convicted the defendant of PWID and related offenses following a bench trial.  At trial,

---

[7] The *Newman* Court also made clear that *Alleyne* is subject to limited retroactivity; in other words, Alleyne is applicable to all criminal cases still pending on direct review.  *Newman, supra* at 90.  Because Newman's case was still pending on direct appeal, the holding in *Alleyne* applied to Newman's case, as it does here in this direct appeal.

the defendant stipulated that the heroin at issue weighed 377.73 grams. At sentencing, the court imposed a mandatory minimum term for the PWID conviction, pursuant to Section 7508(a)(7)(iii). On appeal, this Court emphasized that Section 7508 "is structured in the same manner as the statutes that were at issue in **Newman** and **Valentine**…." **Id.** at **\*17**. This Court concluded that Section 7508 is also unconstitutional. Moreover, even though the defendant stipulated to the weight of the heroin at trial, this Court maintained: "[T]he trial court erred in imposing the mandatory minimum sentence as Section 7508 is unconstitutional in its entirety." **Id.**

Instantly, the court accepted Appellant's guilty pleas following the hearing on September 10, 2013. For the PWID charge at No. 3345 of 2012, Appellant admitted possessing two (2) grams of heroin. At sentencing, the court applied Section 7508 to Appellant's PWID conviction. Given this Court's decisions in **Newman**, **Valentine**, and **Vargas**, however, we must vacate the judgment of sentence in its entirety and remand for resentencing. **See Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case generally requires all sentences for all counts to be vacated so court can restructure entire sentencing scheme). **See also Commonwealth v. Goldhammer**, 512 Pa. 587, 593, 517 A.2d 1280, 1283 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987)) (stating if appellate court alters overall sentencing scheme, then remand for

re-sentencing is proper). Accordingly, we affirm Appellant's convictions, vacate the judgment of sentence, remand for resentencing without imposition of a mandatory minimum sentence, and deny counsel's petition to withdraw.

Judgment of sentence vacated; case remanded for resentencing; counsel's petition to withdraw is denied. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2015