Commonwealth, Appellant, *v.* Marks.

Argued January 12, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Arlen Specter,* District Attorney, with him *Martin H. Belsky* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, and *Richard A. Sprague,* First Assistant District Attorney, for Commonwealth, appellant.

*Richard B. Sigmond,* with him *Joseph B. Meranze,* and *Meranze, Katz, Spear & Bielitsky,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 18, 1971:

Arnold Marks, also known as Harold S. Marks, was convicted in Philadelphia in a nonjury trial of possessing heroin in violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §20, as amended, 35 P.S. §780-20, and was sentenced by the trial judge to imprisonment for a term of five and one-half to eleven months.

Within thirty days, the district attorney of Philadelphia filed a petition for Reconsideration of Sentence and requested the court to exercise the power assertedly given under the Act of June 1, 1959, P. L. 342, §1, 12

P.S. §1032 (Supp. 1970) to impose a new sentence providing for a more substantial term of imprisonment. A hearing was conducted, and, subsequently, the trial judge denied the district attorney's petition. An appeal was filed by the Commonwealth in the Superior Court, but because this Court had other appeals pending involving a similar legal issue, the Superior Court certified the appeal here.

In *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971), we ruled that an appeal which merely questions the propriety of a sentence imposed on a criminal defendant by the trial court does not lie, unless that sentence exceeds the statutorily prescribed limits, or is such so as to be constitutionally impermissible.

But, it is argued that in *Wrona,* supra, the trial court denied the petition on the merits, whereas herein the denial was based on the trial court's conclusion that the double jeopardy clause in the United States Constitution proscribed the imposition of a new sentence providing for increased punishment.

Despite the fact that the reason given by the trial court in the instant case for the denial of the district attorney's petition differs from that given in *Wrona,* supra, the ruling in *Wrona* still controls. On appeal, it is the judgment or order itself which is the subject of review, not the reasons given by the court below in support of its action. Cf. *Hader v. Coplay Cement Mfg. Co.,* 410 Pa. 139, 189 A. 2d 271 (1963).

Appeal quashed.

Mr. Chief Justice BELL would dismiss the appeal for the reasons given in his concurring opinion filed in *Commonwealth v. Wrona,* 442 Pa. 201.