517 A.2d 1280

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Benjamin GOLDHAMMER, Appellee.**

Supreme Court of Pennsylvania.

Reargued April 15, 1986.

Decided Nov. 19, 1986.

Stanford Shmukler, Philadelphia, for appellee.

Gaele McLaughlin Barthold Deputy Dist. Atty., Ronald Eisenberg, Chief/Appeals Div., Marianna C. Sorensen, Asst. Dist. Atty., Philadelphia, for appellant.

## OPINION OF THE COURT

FLAHERTY, Justice.

The Commonwealth, appellant herein, asks us to remand this matter to permit the trial court to alter sentences which were legally imposed on some informations because of a subsequent appellate court ruling discharging appellee on a different information on which a jail term had been imposed. A brief review of the procedural history is in order.

Appellee Benjamin Goldhammer was charged in 168 informations, at Nos. 1857–2024 December Term, 1979, with 56 violations of 18 Pa.C.S.A. § 3921 (theft by unlawful taking

or disposition, a felony of the third degree), 56 violations of 18 Pa.C.S.A. § 4101 (forgery, a felony of the third degree) and 56 violations of 18 Pa.C.S.A. § 3927 (theft by failure to make required disposition, a felony of the third degree). The charges arose out of Goldhammer's practice over a period of slightly over 4 years, from November 29, 1974 through January 26, 1979, and while he was controller for the victim company, of forging the signature of one of the authorized signatories for the corporation and either cashing checks or depositing them into his own checking account. Goldhammer's employer suffered a loss of over $220,000.

After a bench trial before the Honorable Michael E. Wallace, in the Court of Common Pleas of Philadelphia, Goldhammer was acquitted on all the informations charging violations of 18 Pa.C.S.A. § 3927. He was convicted on all other informations and sentenced to consecutive terms of imprisonment of 1–5 years each on one information charging theft by unlawful taking and one information charging forgery. Sentencing on all other informations was suspended. Goldhammer's petition for modification of sentence was granted and he was subsequently sentenced to 2–5 years imprisonment on the theft conviction and 5 concurrent years of probation on the forgery conviction.

Goldhammer appealed to Superior Court.[1] All 34 convictions for theft by unlawful taking, for incidents which occurred on or before September 23, 1977, were reversed on grounds prosecution was barred by the statute of limitations, and Goldhammer was discharged as to those informations. All other judgments of sentence were affirmed.

The instant controversy arose because the only conviction for which Goldhammer received a jail term was among those which were reversed. The Commonwealth filed a petition for reargument, requesting Superior Court to remand the record to the sentencing court for resentencing in

---

1. Goldhammer's notice of appeal included *all* the informations, including those where he was acquitted.

light of Superior Court's disposition. The petition for reargument was denied.

We granted the Commonwealth's petition for allowance of appeal and affirmed Superior Court's reversal of the theft convictions.[2] We declined to remand the matter for resentencing on grounds the double jeopardy clause bars resentencing under these circumstances.

This matter is before us on remand from the Supreme Court of the United States. Their order states:

[B]ecause the Pennsylvania Supreme Court held that resentencing was barred by the Double Jeopardy Clause, there was no need to consider below whether the Pennsylvania laws in effect at the time allowed the state to obtain review of the sentences on the counts for which the sentence had been suspended. We reverse and remand the case to the Supreme Court of Pennsylvania for a determination of that issue, and for further consideration of this case in light of DiFrancesco, [449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)].

Having done so, as will be discussed infra, we reverse our original order denying resentencing.

In *DiFrancesco*, the Supreme Court of the United States addressed the constitutionality of a provision of the Organized Crime Control Act of 1970, Pub.L. 91–452, 84 Stat. 922, 18 U.S.C.S. § 3576, which authorized government appeals of sentences imposed upon special offenders. The Court of Appeals had dismissed the government's appeal, concluding that "to subject a defendant to the risk of substitution of a greater sentence, upon an appeal by the government, is to place him a second time 'in jeopardy of life or limb.'" 604 F.2d 769, 783 (2nd Cir.1979). In reversing, the Supreme Court of the United States reaffirmed that the constitutional guarantee against double jeopardy protects against (1) a second prosecution for the same offense after conviction or acquittal and (2) multiple punishments

**2.** *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985), *rev'd, Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985).

for the same offense. 449 U.S. at 129, 101 S.Ct. at 433, 66 L.Ed.2d at 340, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664. The Court further noted:

■ The Double Jeopardy Clause is *not* a complete barrier

> to an appeal by the prosecution in a criminal case. '[W]here a Government appeal presents no threat of successive prosecutions, the Double Jeopardy Clause is not offended.' [Citations omitted.] ... [T]he Government's taking a review of respondent's sentence does not in itself offend double jeopardy principles just because its success might deprive respondent of the benefit of a more lenient sentence.

449 U.S. at 132, 101 S.Ct. at 434, 66 L.Ed.2d at 342. Thus, a criminal sentence is not accorded constitutional finality and conclusiveness similar to that which attaches to an acquittal, and the review of Goldhammer's sentence, sought by the Commonwealth, does not in itself violate federal standards of double jeopardy. We decline to extend protection against double jeopardy under the Pennsylvania constitution to preclude the Commonwealth's claim for relief in this case.

■ The remand order requires us to determine whether the Commonwealth has the power to challenge Goldhammer's sentence on appeal. It is well settled in this jurisdiction that "the Commonwealth has no right to appeal from an adverse ruling in the trial court, unless a pure question of law is involved, and that the Commonwealth may not appeal if the action complained of is based on an admixture of law and fact." *Commonwealth v. Marks,* 442 Pa. 208, 275 A.2d 81 (1971), *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971). We decline, however, to extend the rationale of those cases to the matter *sub judice,* as it was Goldhammer, himself, who originally appealed all the judgments of sentence imposed in the trial court. Having done so, Goldhammer voluntarily assumed the risk of all the attending repercussions, including the possibility that the

Commonwealth would seek resentencing in the event appellate review resulted in disruption of the original sentencing plan, to wit, reversal of the only jail term imposed. We hold therefore, that where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court.

■ The power to grant the relief sought by the Commonwealth is vested in our appellate courts by virtue of 42 Pa.C.S.A. § 706 which provides:

An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

Certainly a remand to reconsider a sentence, where the disposition by an appellate court has altered the sentencing scheme of the trial court, is within the purview of this statutory provision. Where one, convicted of several crimes, successfully challenges his judgment of sentence on appeal, remand for resentencing "may be just under the circumstances," as it may further the sentencing court's plans for protection of society from future criminal activity and rehabilitation of the criminal and "reduce the possibility of disparate and irrational sentencing," *United States v. Busic*, 639 F.2d 940, 948 (1981), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422. As aptly stated by the United States Court of Appeals for the Third Circuit, "When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." *Id* at 947 n. 10.

Having established that a remand for reconsideration of sentence is within the power of our appellate courts and does not violate the protections of the double jeopardy provisions of the United States or Pennsylvania constitutions, we turn our attention to the propriety of such an order in this case.

The trial court's sentencing scheme in this matter is vague at best. As noted in our first opinion in this case, the fact that the trial court chose to impose a jail term on only one of the convictions, which was the oldest of the charges being challenged on statute of limitations grounds, invites the conclusion that the court did not intend Goldhammer to serve a jail term at all. On the other hand, review of the transcript from the hearing on the motion to modify sentence manifests a clear intention that Goldhammer serve a jail term. The motion to modify was primarily an attack upon Goldhammer's sentence to a term of imprisonment. While the court did modify one sentence from a term of imprisonment of 1–5 years to a term of 5 years' probation, the sentence of imprisonment on the other information was modified from 1–5 years to 2–5 years. The reason given was the court's belief that this modification would accelerate Goldhammer's eligibility for parole consideration. The court, emphasizing that the circumstances of the crime called for punishment, rejected the plea that Goldhammer be spared any imprisonment. Under the circumstances, we accept the Commonwealth's invitation to remand the matter to the sentencing court for reconsideration in light of Goldhammer's discharge, on appeal, on the only information where a jail term was imposed.

Goldhammer argues that remand now for resentencing is barred by double jeopardy because he has already commenced serving his probationary sentence. After this Court's decision was rendered, and during the pendency of the Commonwealth's petition for writ of certiorari, the record was remanded to Common Pleas Court in accordance with Pa.R.A.P. 2572. Upon receipt of the record, Common Pleas Court ordered Goldhammer to surrender for commitment on his sentence. The Commonwealth immediately filed a petition in this Court for return of the record here, but the petition was not granted until November 22, 1985. In the interim, on June 25, 1985, Goldhammer was ordered by the Honorable Edward Blake to commence serving his probationary sentence. Goldhammer argues that remand

for resentencing would constitute an impermissible increase in his sentence which is barred by the double jeopardy clause.

We reject Goldhammer's suggestion that resentencing in accordance with the original sentencing scheme announced by Judge Wallace constitutes an *increase* in his sentence. On the contrary, the original sentence included a 2–5 year jail term, and a resentence to the same 2–5 year jail term could not constitute an increase at all. It would merely be an imposition of the same term which was originally imposed, and which was well within the bounds set by the legislature for Goldhammer's felonious conduct.

The order of Superior Court is reversed and the matter is remanded to the Court of Common Pleas for reconsideration of sentence.

Reversed and remanded.

NIX, C.J., files a dissenting opinion which is joined by ZAPPALA, J.

NIX, Chief Justice, dissenting.

The instant appeal is before this Court on remand from the United States Supreme Court for the determination of two interrelated questions: First, whether the Pennsylvania laws in effect at the time of sentencing allowed the Commonwealth to obtain review of the sentences suspended by the sentencing court; and second, whether *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), is controlling on the double jeopardy issue. *See Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985). Contrary to the majority, I would answer both questions in the negative and hold that resentencing is barred by the Double Jeopardy Clause. I therefore dissent.

Mr. Goldhammer was initially sentenced on March 3, 1981, to two consecutive prison terms of one to five years

on one count each of bribery and theft by deception. Sentence on 55 counts each of bribery and theft was suspended. Upon reconsideration the sentencing court imposed a two-to-five year term on the theft conviction and five years' probation on the bribery count on April 8, 1981. Mr. Goldhammer appealed all of the convictions to the Superior Court but did not challenge the propriety of the sentences imposed.[1] The Commonwealth did not attempt to cross-appeal from the judgments of sentence. The Superior Court vacated 34 of the theft convictions on the ground that they were barred by the applicable statute of limitations, 42 Pa.C.S. § 5552(a); Mr. Goldhammer's remaining convictions were affirmed. *Commonwealth v. Goldhammer*, 322 Pa. Super. 242, 469 A.2d 601 (1983). Mr. Goldhammer did not seek further review. In response to the Superior Court's order, the Commonwealth, in requesting reargument, sought the novel relief of a remand for resentencing on the affirmed convictions. The Superior Court denied relief and the Commonwealth filed a petition for allowance of appeal in this Court, which was granted. The Commonwealth's primary argument on appeal concerned the statute of limitations issue. In the alternative, however, the Commonwealth requested, as it had in the Superior Court, a remand for resentencing on remaining valid theft convictions. This Court affirmed the Superior Court on the statute of limitations issue and also held that the requested remand would violate double jeopardy. *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985). In response to the Commonwealth's petition for writ of certiorari, the United States Supreme Court reversed this Court's order and re-

---

1. The Superior Court listed Mr. Goldhammer's claims on appeal as follows:

   (1) The court erred in refusing to suppress evidence obtained from appellant's attorney, from his bank and pursuant to an arrest warrant, the affidavit for which contained inaccurate information.
   (2) The evidence was insufficient to sustain the forgery convictions.
   (3) Many of the theft charges were barred by the statute of limitations.

   *Commonwealth v. Goldhammer*, 322 Pa.Super. 242, 245, 489 A.2d 601, 602 (1983).

manded for further consideration. *Pennsylvania v. Goldhammer, supra.*

The first question we have been requested to address, whether Pennsylvania law permits the prosecution to seek review of the sentences suspended by the sentencing court, is not adequately addressed by the majority. The right of the Commonwealth to appeal from adverse decisions in criminal cases is limited to pure questions of law. *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983); *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Youngblood*, 453 Pa. 225, 307 A.2d 922 (1973); *In re Gaskins*, 430 Pa. 298, 244 A.2d 662, *cert. denied*, 393 U.S. 989, 89 S.Ct. 470, 21 L.Ed.2d 451 (1968); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, *cert. denied*, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); *Commonwealth v. Melton*, 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Hartman*, 383 Pa. 461, 119 A.2d 211 (1956). Under settled Pennsylvania law, the sentence imposed lies within the sole discretion of the sentencing court and will not be reviewed by an appellate court unless it exceeds statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment for the offense committed. *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Williams*, 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973); *Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973); *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Brown*, 443 Pa. 274, 278 A.2d 170 (1971); *Commonwealth v. Marks*, 442 Pa. 208, 275 A.2d 81 (1971); *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971). We have never recognized a right to appeal a legal sentence. In the instant case neither side has at any point contended that the sentencing scheme established is illegal or involves an improper exercise of discretion. In his appeal to the Superior Court Mr. Goldhammer sought to challenge only his underlying theft and bribery convictions. Moreover, at the time of sentencing there was no statutory authorization for an appeal

challenging the discretionary aspects of a sentence.[2] Thus, under the laws in force in Pennsylvania when Mr. Goldhammer was sentenced, the Commonwealth was not entitled to appellate review of the sentences in question.

The above conclusion is critical in answering the United States Supreme Court's second question, *i.e.,* whether *United States v. DiFrancesco, supra,* is applicable under the circumstances of this case. *DiFrancesco* concerned a challenge to a federal statute which permitted the government to seek enhancement of a sentence imposed upon a "dangerous special offender" by authorizing an appeal to the court of appeals. *See* 18 U.S.C. § 3576. The United States Supreme Court held that the statute did not violate the Double Jeopardy Clause, U.S. Const. amend. 5. The rationale expressed by that Court for that conclusion was that the defendant could have no legitimate expectation of finality in the original sentence because it was subject to a government appeal. *United States v. DiFrancesco, supra* 449 U.S. at 136, 101 S.Ct. at 437. Pennsylvania had no comparable statute and, as noted above, there was no authority in our statutes or case law for an appeal of a sentence within prescribed limits. Where the defendant appeals his conviction but does not challenge the sentence imposed thereon, only the conviction is exposed. Thus, unlike the defendant in *DiFrancesco,* Mr. Goldhammer was entitled to rely on the finality of his sentence absent a determination on appeal that his convictions were invalid.

Contrary to the bald assertion of the majority, such a defendant would have no reason to anticipate that a sentence affirmed on appeal might be disturbed in the event the judgment of sentence on a different conviction was invalidated,[3] such a turn of events has not been even a

---

**2.** Section 9781(b) of the Judicial Code, 42 Pa.C.S. § 9781(b), effective July 22, 1982, now provides for limited review of the discretionary aspects of a sentence. Mr. Goldhammer was sentenced in 1981.

**3.** In *Commonwealth v. Duff,* 414 Pa. 471, 200 A.2d 773 (1964), this Court held that an imposition of a suspended sentence represented an exhaustion of the sentencing power and would not permit a subsequent imposition of a prison sentence.

remote possibility under Pennsylvania law. *DiFrancesco* did nothing to alter that fact. While it did address the finality of a sentence where the legislature has, in fact, given the prosecution the right to appeal therefrom, *DiFrancesco* did not confer such a right. Rather, the Court acknowledged that the government " 'has no right of appeal in a criminal case, absent explicit statutory authority.' " *Id.* at 131, 101 S.Ct. at 434, *quoting United States v. Scott,* 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978). For the foregoing reasons, the principles expounded in *DiFrancesco* have no applicability in the instant case, which explains why *DiFrancesco* was not cited in our previous opinion in this matter. *See Pennsylvania v. Goldhammer, supra* at —, 106 S.Ct. at 354 (Stevens, J., dissenting). For the reasons expressed above, I would reinstate our original decision in this matter, which held that resentencing Mr. Goldhammer would violate double jeopardy.

*United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert denied* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), from which the majority derives its theory that " '[w]hen a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan[,]' " slip op. at 7, *quoting Busic, supra* at 947, is of no avail under the circumstances of this case.[4] In *Busic* the defendants challenged the *validity* of consecutive *sentences* for assault with a dangerous weapon, 18 U.S.C. § 111, and use of a firearm to commit a felony, 18 U.S.C. § 924(c)(1). Thus the legality of the sentences themselves was made the subject of the proceedings. *Cf. United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (District Court could not alter unchallenged legal sentence after successful challenge to illegal sentence). In the instant case we are faced with a situation in which the defendant did not question the validity of the sentences imposed, he challenged only the legality of his underlying convictions, on which he alleged the statute of

---

**4.** I note also that at least one Circuit has recently declined to adopt "the broad rule ... that an increase of a sentence is permissible whenever one or more sentences that were part of a 'sentencing plan' are vacated." *United States v. Pisani,* 787 F.2d 71, 75 (2d Cir.1986).

limitations had run. Therefore he did not "assume the risk" of retaliatory resentencing by exercising his right of appeal.

In addition to the double jeopardy violation, there are two adequate and independent state grounds for reinstating our order in this matter. First, the Commonwealth is precluded from complaining that Mr. Goldhammer should be resentenced on the suspended counts by this Commonwealth's well-established doctrine of waiver. *See Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). When the sentencing court suspended sentence on *110* of Mr. Goldhammer's convictions, the Commonwealth, although undoubtedly aware of the statute of limitations issue raised in this case, stood mute. *See* RR130a (N.T. April 8, 1981, at 57). Then, after Mr. Goldhammer's statute of limitations challenge was sustained by the Superior Court, the Commonwealth questioned, for the first time, the propriety of the suspended sentences. It is settled law that an issue will not be considered for the first time on appeal.[5] Pa.R.A.P. 302; *Commonwealth v. Wallace,* 495 Pa. 295, 433 A.2d 856 (1981).

The second, and even more fundamental, state ground barring the Commonwealth from demanding resentencing is the fact that the Commonwealth prevailed in the Superior Court on the convictions that were not barred by the statute of limitations. Given the present posture of this matter, the Commonwealth must be viewed as attempting to appeal a decision in its favor. We have not in the past permitted such an anomaly. *See, e.g., Commonwealth v. Vanders Richardson,* No. 1412 E.D. Allocatur Dkt. 1985. The convictions on which sentence was suspended, which were not appealed to this Court, are not properly before us. Therefore the Commonwealth can establish no predicate for relief under Pennsylvania Law.

---

**5.** Waiver was not pursued as a ground for affirmance in the Commonwealth's initial appeal to this Court. We may, however, raise the issue *sua sponte. E.g., Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977).

For all of the above reasons, I am compelled to register my dissent.

ZAPPALA, J., joins in this dissenting opinion.