J-S65011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN AMIR HARRIS | |
| Appellant | No. 2915 EDA 2013 |

Appeal from the Judgment of Sentence October 2, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004630-2012

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 23, 2015**

Appellant, Shawn Amir Harris appeals from the judgment of sentence entered by the Honorable Kevin F. Kelly, Court of Common Pleas of Delaware County. After careful review, we affirm the trial court's denial of Harris's motion to suppress evidence, but vacate the judgment of sentence and remand for re-sentencing.

As we write primarily for the parties, who are familiar with the circumstances of this matter, we will set forth only so much of the factual and procedural history as is necessary to address the issue on appeal. Harris, who at relevant times was on parole pursuant to a prior drug trafficking conviction, was seen in a high crime area of the City of Chester by

---

[*] Retired Senior Judge assigned to the Superior Court.

his parole officer, Scott Peterson. Peterson, his partner, and his supervisor spoke with Harris, and informed Harris that they were going to perform a compliance check of Harris's residence pursuant to the terms of his parole agreement. **See** N.T., Suppression Hearing, 1/30/13, at 30-35, 59-60.

The agents drove Harris to his residence, unrestrained, and accompanied Harris into his home. **See id**., at 60-61. While inside, Agent Peterson observed, in plain sight, plastic baggies that he recognized through his training as paraphenalia in furtherance of drug trafficking. **See id**., at 62-63. At this point, he handcuffed Harris and searched the room, locating packaged cocaine, unpackaged cocaine, a scale, and empty baggies. **See id**., at 63-64.

Harris subsequently filed a motion to suppress the evidence found in Agent Peterson's search. The trial court denied the motion, and Harris proceeded to a stipulated bench trial before Judge Kelly. At the conclusion of testimony, the trial court convicted Harris of possession of eighty-four and one half ounces of cocaine with intent to deliver. The trial court subsequently applied the mandatory minimum sentence found in 18 Pa.C.S.A. § 7508 and sentenced Harris to a term of incarceration of 5 to 15 years. This timely appeal followed.

On appeal, Harris raises only a single issue for our review. Harris contends that the trial court erred in denying his motion to suppress the

evidence found pursuant to Agent Peterson's search of his residence. Our standard of review is well-settled.

> [W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole.

***Commonwealth v. McAliley***, 919 A.2d 272, 275-276 (Pa. Super. 2007) (citation omitted). "Moreover, if the evidence supports the factual findings of the suppression court, this Court will reverse only if there is an error in the legal conclusions drawn from those findings." ***Commonwealth v. Powell***, 994 A.2d 1096, 1101 (Pa. Super. 2010) (citation omitted).

We conclude that ***Commonwealth v. Smith***, 85 A.3d 530 (Pa. Super. 2014), which also involved Agent Peterson, is directly on point and controls this issue. In ***Smith***, Agent Peterson performed a compliance check on a parolee. During this check, Agent Peterson noticed the smell of unburnt marijuana emanating from the basement. The ***Smith*** panel held that, upon smelling the marijuana, Agent Peterson developed "the requisite reasonable suspicion to conduct a search for the marijuana." ***Id***., at 537. The panel found that the 'plain view' doctrine rendered the search permissible, as Agent Peterson was lawfully inside the parolee's home, and the incriminating nature of the smell emanating from the basement was immediately apparent. ***See id***.

Here, once again, Agent Peterson was lawfully inside Harris's residence pursuant to a parole compliance check. While inside, Agent Peterson observed the plastic baggies that his training and experience informed him were used in the narcotics trade. At this point, Agent Peterson developed the requisite reasonable suspicion to conduct a search for narcotics that may be in the residence. We therefore conclude that Harris's sole issue on appeal merits no relief.

We note, however, that this Court has recently held that 18 Pa.C.S.A. § 7508 is facially invalid pursuant to the Supreme Court of the United States's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). **See Commonwealth v. Fennell**, ___ A.3d ___, 2014 WL 6505791 (Pa. Super. Nov. 21, 2014). Furthermore, this issue cannot be waived, and we may raise it *sua sponte*. **See Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (holding that violations of **Alleyne** could not be waived). We therefore vacate the judgment of sentence in its entirety and remand for re-sentencing. **See Commonwealth v. Goldhammer**, 517 A.2d 1280, 1283-1284 (Pa. 1986).

Conviction affirmed. Judgment of sentence vacated, and remanded for re-sentencing. Jurisdiction relinquished.

Judge Platt joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2015