J-S11014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EZRA SPEAKS, JR. | |
| Appellant | No. 836 MDA 2014 |

Appeal from the Judgment of Sentence March 25, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005425-2012

BEFORE: PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J. **FILED APRIL 06, 2015**

Appellant, Ezra Speaks, Jr., appeals from the judgment of sentence entered March 25, 2014, by the Honorable Richard A. Lewis, Court of Common Pleas of Dauphin County. We affirm Speaks's convictions, but vacate the judgment of sentence and remand for re-sentencing.

For a detailed account of the underlying facts and procedural history in this matter, we direct the reader to pages one through nine of the trial court's September 11, 2014, memorandum opinion. Briefly, the police arrested Speaks after a confidential informant facilitated the controlled purchase from Speaks of crack cocaine. Thereafter, a jury convicted Speaks of delivery of a controlled substance,[1] conspiracy to commit delivery of a

_____

[1] 35 P.S. 780-113(a)(30).

controlled substance,[2] and criminal use of a communication facility.[3] On March 25, 2014, the trial court sentenced Speaks to an aggregate term of three to six years' imprisonment. Upon motion by the Commonwealth, the court imposed a mandatory $10,000.00 fine pursuant to 18 Pa.C.S.A. § 7508(a)(2)(i), based upon the jury's finding that Speaks had delivered an amount of cocaine in excess of two grams. Speaks filed a timely Post-Sentence Motion to Preserve Issues and Motion for New Trial or Arrest of Judgment, which the trial court denied following a hearing. This timely appeal followed.

Speaks raises the following issues for our review.

1. Whether the trial court erred in sentencing appellant to an illegal sentence where it sentenced appeallant [sic] to a mandatory minimum sentence pursuant [sic] to [18 Pa.C.S.A. § 7508(a)(2)(i)]?

2. Whether the trial court erred in denying appellant's post-sentence motion for arrest of judgment where the jury verdict of guilty on the charges of: unlawful deliver of a controlled substance, criminal conspiracy to unlawful delivery of a controlled substance and criminal use of a communication facility was against the weight of the evidence, because the Commonwealth failed to present testimony that an agent of the Attorney General's office personally observed appellant deliver drugs for money; there was no video or photo surveillance that showed appellant made an unlawful delivery, and where the wiretap recording presented during trial was inaudible, such that a transcript needed to be provided to the jury so that they could understand what was being said?

---

[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 7512(a).

Appellant's Brief at 5 (unnecessary capitalization and underlining removed).

In his first issue on appeal, Speaks correctly notes that the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S.A. 7508(a)(2)(i), based upon the jury's finding that the cocaine involved in the transaction exceeded 2.0 grams. As the parties and trial court are by now aware, this Court has recently held that § 7508 is facially invalid pursuant to the Supreme Court of the United States' decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *See Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014). The Commonwealth rightly concedes this issue in its brief. *See* Commonwealth's Brief at 10. Furthermore, this issue cannot be waived. *See Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) (holding that violations of *Alleyne* could not be waived). We therefore vacate the judgment of sentence in its entirety and remand for re-sentencing. *See Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283-1284 (Pa. 1986).

Speaks additionally argues that the jury's verdict was against the weight of the evidence presented. Our standard of review is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to

be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (quoting *Commonwealth v. Cruz*, 919 A.2d 279, 281-82 (Pa. Super. 2007)) (citations omitted). It is up to the jury to weigh the evidence, determine its credibility, and believe all, part, or none of it. *See Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003).

Instantly, the trial court specifically concluded that the "testimony of the parties who personally observed the events of August 21, 2012 and personally participated in the [controlled purchase] transaction is not so unreliable or contradictory so as to shock the court's sense of justice and require the grant of a new trial." Trial Court Opinion, 9/11/14 at 12. In light of the extensive corroborating evidence presented at trial and the testimony of the drug task force agents and of the confidential information who facilitated the drug transaction, as credited by the jury, we find no abuse of discretion in the trial court's conclusion. *See id*. at 11-12. Accordingly, Speaks's weight of the evidence claim merits no relief.

Convictions affirmed. Judgment of sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2015