J-S47025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JASON ANSEL | |
| Appellant | No. 1 MDA 2015 |

Appeal from the Judgment of Sentence June 3, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000612-2012

BEFORE:  ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JULY 28, 2015**

Jason Ansel appeals *nunc pro tunc* from the judgment of sentence imposed on June 3, 2013, in the Court of Common Pleas of Berks County. Ansel entered a negotiated plea to one count of possession with the intent to deliver (PWID) cocaine, and one count of PWID marijuana.[1] The trial judge sentenced him to serve an aggregate term of 5 to 10 years' incarceration. Ansel contends his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151, 2155 (2013) (holding that an aggravating fact that increases a mandatory minimum sentence must be submitted to the jury for a finding

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

beyond a reasonable doubt).[2]  Based upon the following, we vacate the judgment of sentence and remand for resentencing.

As stated, Ansel entered a negotiated guilty plea to two counts of PWID (cocaine and marijuana).  During the entry of the plea, Ansel admitted to the weight of the controlled substances recovered by police.  In sentencing Ansel, the trial court applied the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508(a)(3)(ii).  Specifically, the trial court sentenced Ansel to a mandatory minimum term of 5 to 10 years' imprisonment on the count for PWID cocaine, and a concurrent term of 9 months to 5 years' imprisonment on the count for PWID marijuana.

Ansel did not file a post-sentence motion or direct appeal.  However, he filed a petition pursuant to the Post Conviction Relief Act (PCRA),[3] and the PCRA court granted the petition and reinstated Ansel's appeal rights *nunc pro tunc*.  This appeal followed.

On January 29, 2015, Ansel filed a Pa.R.A.P. 1925(b) statement, raising the issue of an illegal sentence based upon *Alleyne*.  The Honorable Stephen B. Lieberman, in a supplemental Rule 1925(a) opinion, determined this Court's decision in *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014) (holding trial court erred by imposing mandatory minimum

---

[2] *Alleyne* was decided on June 17, 2013, two weeks after Ansel was sentenced by the trial court.

[3] 42 Pa.C.S. §§ 9541–9546.

sentence under Section 7508 even where parties stipulated to weight of drugs), "appears to be directly on point," and "request[ed] that [Ansel's] judgment of sentence be vacated and that the case be remanded to [the trial] court for resentencing." Trial Court Supplemental Opinion, 2/20/2015. The Commonwealth opposes remand for resentencing.

In *Cardwell*, this Court, applying *Alleyne*, held 18 Pa.C.S. § 7508 is unconstitutional as a whole and its subsections non-severable.[4] *See also Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*). In light of *Cardwell*, we conclude the sentence imposed on Ansel's PWID cocaine conviction cannot stand, and we agree with Judge Lieberman that the judgment of sentence should be vacated and the case remanded for resentencing. Accordingly, we vacate the judgment of sentence in its entirety and remand for resentencing, without application of the mandatory minimum prescribed in 18 Pa.C.S. § 7508. *See Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283-1284 (Pa. 1986) (if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper);

---

[4] The Commonwealth maintains that the unconstitutional portion of Section 7508 is severable from the remainder of the statute. However, we note that the Section 7508 "proof at sentencing" provision, which permits the trial court to find the necessary elements by a preponderance of the evidence, contains almost identical language as that found in another mandatory minimum statute, 18 Pa.C.S. § 6317, which the Pennsylvania Supreme Court has held to be unconstitutional in its entirety and non-severable. *Commonwealth v. Hopkins*, ___ A.3d ___ [2015 Pa. LEXIS 1282] (Pa. June 15, 2015).

*Commonwealth v. Vanderlin*, 580 A.2d 820, 831 (Pa. Super. 1990) (if trial court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated and matter remanded for court to restructure its entire sentencing scheme).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015