**[J-73-2016] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 37 EAP 2015 |
| | : | |
| Appellee | : | Appeal from the Judgment of the |
| | : | Superior Court entered on May 12, 2015 |
| | : | at No. 532 EDA 2011, reversing the |
| v. | : | Order entered on August 6, 2008 in the |
| | : | Court of Common Pleas of Philadelphia |
| | : | County, Criminal Division, at Nos. CP- |
| TERRANCE WASHINGTON, | : | 51-0711021-1996, CP-51-CR-0711091- |
| | : | 1996, CP-51-CR-0711141-1996, CP-51- |
| Appellant | : | CR-1009712-1996, CP-51-CR- |
| | : | 1107481-1997, CP-51-CR-1107621- |
| | : | 1997, CP-51-CR-1107651-1997 and |
| | : | CP-51-CR-1107671-1997 |
| | : | |
| | : | SUBMITTED: April 7, 2016 |

**CONCURRING OPINION**

**JUSTICE TODD**                                                    **DECIDED: July 19, 2016**

I join the Majority Opinion, with the exception of footnote 10, which in my view may unnecessarily serve to relax courts' obligation to consider jurisprudential bases for resolution of appeals. Therein, the majority determines that, because this issue is "important" and will affect "a large range of cases," and was "allowed discretely to address the Alleyne retroactivity issue," the Court need not address the collateral jurisprudential matters raised by the Commonwealth, "such as [the] abstractness of the Alleyne rule relative to the substantial punishment which will be imposed on Appellant in all events." Majority Opinion at 13, n.10.

Specifically, the Commonwealth offers that Appellant's claim is "potentially moot," and that any determination regarding sentencing will have "no practical impact on his

aggregate sentence." Commonwealth's Brief at 8. I cannot join the majority's determination that these potential impediments need not be addressed. While there may be exceptional circumstances in which such jurisprudential concerns might give way to addressing a legal issue of vital and immediate importance, I am concerned that the bench and bar might interpret the majority's approach to arguments regarding such jurisprudential matters collateral to the primary legal question as a dilution of this Court's otherwise fairly strict adherence to the need to resolve threshold jurisprudential matters. See, e.g., Robinson Township v. Commonwealth, 83 A.3d 901, 916-17 (Pa. 2013); Markham v. Wolfe, 136 A.3d 134, 147 n.2 (Pa. 2016) (Dougherty, J., concurring) ("justiciability questions (including political question limitations, standing, ripeness, and mootness) are threshold matters generally to be resolved before proceeding to the merits."). Thus, contrary to the majority's assertion, while in my view our Court is not necessarily "obliged" to address these matters in all instances, it should do so on most occasions, especially when there is a risk we will be issuing a purely advisory opinion.

Rather than endorse a relaxation of a court's general obligation to consider these jurisprudential concerns, I would simply reject the Commonwealth's jurisprudential assertions on their merits. Specifically, the Commonwealth, after conceding that jurisdiction properly lies for this appeal in our Court, maintains that, because the Superior Court reversed the PCRA court's order denying relief, and remanded for an evidentiary hearing on two claims of ineffective assistance of counsel, if further proceedings result in a new trial, the sentencing issue Appellant seeks to raise in our Court would be moot. According to the Commonwealth, if Appellant was granted a new trial, on retrial, he would be either acquitted or resentenced under current law. Under the Commonwealth's scenario, the sentencing issue before us would be moot; however, if Appellant is not granted relief on his ineffectiveness claims, and no new trial is

granted, the sentencing question would remain viable. Accordingly, as the issue before our Court is not necessarily moot, that is a sufficient basis, in my view, to reject the Commonwealth's entreaty to dismiss this case as improvidently granted.

Further, the Commonwealth argues that we should dismiss this appeal because the five-year mandatory minimum sentencing provision at issue before our Court had no practical effect on the aggregate penalty. The Commonwealth explains, *inter alia*, that Appellant's 35 to 70 year sentence resulted from the imposition of consecutive terms for 7 of his 21 robbery counts, and that the sentencing court imposed a discretionary aggregate minimum sentence of 35 years. Thus, according to the Commonwealth, the impact of the mandatory minimum statute at issue herein on the final sentence was "effectively nonexistent," and there is little likelihood the aggregate sentence will change if we were to grant Appellant relief and remand for resentencing. Commonwealth's Brief at 9.

Yet, the Commonwealth's proffer — that the sentencing court "could, and plainly would, have imposed the same sentence if the mandatory provision had never existed" — is not necessarily true. Ultimately, sentencing is an integrated scheme. See Commonwealth v. Wilson, 67 A.3d 736, 745 n.11 (Pa. 2013) (rejecting request to strike invalid probation condition from sentence, as striking of condition was part of "landscape of options available to the court, and may affect the court's sentencing scheme"); Commonwealth v. Goldhammer, 517 A.2d 1280, 1283 (Pa. 1986) ("When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan."). While the Commonwealth's assertion that a decision in favor of Appellant would not affect Appellant's ultimate sentence is likely true, it is not a certainty, and, accordingly, does not mandate our dismissing this appeal on that basis.

Accordingly, for the above-offered reasons, I join the Majority Opinion with the exception of footnote 10.

Justice Donohue joins this concurring opinion.