J-S84019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL JONES | : | |
| | : | |
| Appellant | : | No. 2581 EDA 2017 |

Appeal from the Judgment of Sentence August 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014589-2012

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2019**

Terrell Jones appeals *nunc pro tunc* from the judgment of sentence imposed on August 29, 2013, in the Court of Common Pleas of Philadelphia County.  Jones seeks relief from the judgment of sentence to serve an aggregate term of six and one-half to 13 years' imprisonment, followed by four years of probation, after he entered an open plea to robbery – threaten serious bodily injury, conspiracy, burglary, and carrying a firearm without a license.[1]  Jones challenges both the legality and discretionary aspects of his sentence.  Based upon the following, we vacate the judgment of sentence and remand for resentencing.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3502(c)(1), 903(c), and 6101(a)(1), respectively.

The convictions in this case stem from Jones's robbery of the victim in her home, at gunpoint, with a co-conspirator. The procedural background of this case has been summarized by the trial court, as follows:

> On November 7, 2012, Terrell Jones was arrested for numerous charges including Robbery - Threaten Immediate Serious Injury, Burglary, Conspiracy to Commit Robbery, and VUFA- Firearm Not to be Carried Without a License. On December 11, 2012, Mr. Jones appeared for a preliminary hearing before the Honorable Charles Hayden. Mr. Jones was held for court on the charges.
>
> On July 2, 2013, Mr. Jones entered an open guilty plea to the charges of conspiracy to commit robbery, robbery that threatened immediate serious injury, burglary, and carrying a firearm without a license before the Honorable Sean F. Kennedy. On August 28, 2013, the Honorable Sean F. Kennedy sentenced Mr. Jones to be confined for a period of five to ten years for the robbery offense; one year and six months to three years confinement for the burglary consecutive to the robbery; one year and six months to three years confinement for the conspiracy concurrent with the burglary; and four years probation consecutive to the confinement for the carrying a firearm without a license. On September 9, 2013, Mr. Jones filed a Motion for Reconsideration of Sentence. Following a hearing, the Motion for Reconsideration of Sentence was denied on October 3, 2013.
>
> On June 30, 2014, Mr. Jones filed a timely *pro se* PCRA petition. On July 20, 2017, following a hearing, the Defendant's appellate rights were restored *nunc pro tunc*. On August 11, 2017, [Jones] filed a timely Notice of Appeal to the Pennsylvania Superior Court.

Trial Court Opinion, 2/27/2018, at 4 (record citations omitted).[2]

We begin with Jones's challenge to the legality of the sentence. As the Commonwealth concedes, the mandatory minimum sentencing provision for

---

[2] We add that Jones timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) concise statement.

- 2 -

offenses committed with firearms, 42 Pa.C.S. § 9712, which was applied to Jones's robbery conviction, has been declared unconstitutional and illegal in light of *Alleyne v. United States*, 133 S. Ct. 2151 (U.S. 2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). In *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), this Court held Section 9712 unconstitutional in light of *Alleyne*. Therefore, the mandatory minimum sentence imposed on Jones's robbery conviction is illegal.

Both the Commonwealth and the trial court take the position Jones is entitled to be resentenced on his robbery conviction only. However, as vacating Jones's sentence for robbery may upset the overall sentencing scheme as to Jones's other convictions, we conclude it is proper for this Court to vacate the sentence in its entirety. *See Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283 (Pa. 1986) (stating generally if appellate court disturbs overall sentencing scheme, then remand for resentencing is proper). Accordingly, we vacate the judgment of sentence and remand for resentencing.[3]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

_____

[3] In light of our disposition, we decline to address Jones's claim regarding the discretionary aspects of his sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19