J-S10011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID LEWIS :
:
Appellant : No. 2588 EDA 2018

Appeal from the Judgment of Sentence January 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014125-2012

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **FILED MARCH 25, 2019**

Appellant, David Lewis, appeals from the judgment of sentence entered after the revocation of his probation. We vacate the judgment of sentence and remand for resentencing.

The underlying facts of this case were set forth in our prior decision in this matter. ***Commonwealth v. Lewis***, No. 2172 EDA 2013, unpublished memorandum at 2-4 (Pa. Super. filed July 30, 2014) (reversal of order suppressing physical evidence).

On November 18, 2015, Appellant pleaded guilty to possession of firearm prohibited ("Count 1"), possession of firearm with altered manufacturer's number ("Count 2"), firearms not to be carried without a license ("Count 3"), and carrying firearms on public streets or public property

_____

* Retired Senior Judge assigned to the Superior Court.

in Philadelphia ("Count 4").[1]  Trial Court Opinion, filed September 17, 2018, at 1.  On February 23, 2016, Appellant was sentenced to 11.5 to 23 months of confinement followed by five years of probation for Counts 1 to 2, 11.5 to 23 months of confinement followed by three years of probation for Count 3, and 11.5 to 23 months of confinement without additional probation for Count 4; all sentences were to be served concurrently.  Sentencing Order, 2/23/2016, at 1-2.  As Appellant had served 39 months in custody, he was immediately released on probation.  N.T., 1/23/2018, at 3-4.

On August 11, 2016, Appellant was arrested for and charged with criminal use of a communication facility and drugs offenses.  He pleaded guilty to these charges on October 26, 2017.

After the violation of probation ("VOP") court found that Appellant had violated his probation, he was sentenced to:  five to ten years of confinement for Count 1; two to four years of confinement for Count 2, to be served consecutively to Count 1; four to eight years of confinement for Count 3, to be served concurrently to Count 1; and one to two years of confinement for Count 4, to be served consecutively to Count 1.  *Id.* at 15.  Appellant's aggregate sentence thus was eight to sixteen years of confinement.

On February 5, 2018, Appellant filed a motion to modify sentence challenging the discretionary aspects of his sentence, which the VOP court

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6110.2(a), 6106(a)(1), and 6108, respectively.

denied on February 13, 2018. After Appellant's direct appeal rights were reinstated *nunc pro tunc*, Appellant filed this timely direct appeal on May 2, 2018.[2]

Appellant presents the following issue for our review:

> Was the [VOP] court's sentence manifestly excessive and disproportional to [Appellant]'s conduct since he had substantially complied with the terms of his probation prior to his new arrest and the new case which formed the basis for his direct violation of parole/probation did not involve a violent offense?

Appellant's Brief at 3.

Appellant's sole issue on appeal concerns the discretionary aspects of his sentence, *id.* at 3, 9-10, but, before we reach that issue, we first must consider whether Appellant's sentence is legal. Although Appellant has not claimed that his sentence is not legal, "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court. An illegal sentence must be vacated." ***Commonwealth v. Randal***, 837 A.2d 1211, 1214 (Pa. Super. 2003) (*en banc*) (brackets, citations, and quotation marks omitted); *see also **Commonwealth v. McCamey***, 154 A.3d 352, 357 (Pa. Super. 2017) (citing ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013)) ("it is well settled that this Court may address the legality of a sentence *sua sponte*"). "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary."

---

[2] Appellant filed his statement of errors complained of on appeal on May 14, 2018. The trial court entered its opinion on September 17, 2018.

*Commonwealth v. Seskey*, 170 A.3d 1105, 1107 (Pa. Super. 2017). Pursuant to our review of the record, we find that Appellant's sentences for Counts 3 and 4 are illegal, and we therefore vacate the sentencing order.

In the case of a revocation of probation, the trial court has the same full range of sentencing options that it initially could have imposed. 42 Pa.C.S. § 9771(b). Count 3, firearms not to be carried without a license, is "a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Pursuant to 18 Pa.C.S. § 1103(3): "In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years." As the sentence imposed for Count 3 has a maximum of eight years, it exceeds the statutory maximum of seven years that the trial court initially could have imposed and thus is illegal. *See id.*; 42 Pa.C.S. § 9771(b).

Additionally, Appellant's initial sentence for Count 4 was 11.5 to 23 months of confinement, without additional probation, concurrent to his sentences on the remaining counts. He had already served 39 months at the time he was sentenced, N.T., 1/23/2018, at 3, which was greater than his maximum sentence for Count 4. Thus, Appellant had completed his sentence for Count 4 prior to his release on probation for the remaining counts. Accordingly, the VOP court should not have resentenced Appellant on Count 4, as he had already served the entirety of that sentence.

As our vacatur of Appellant's sentence for Count 3 and reversal of his sentence for Count 4 disrupt the trial court's sentencing scheme, we also

vacate the sentences on Counts 1 and 2 and remand for resentencing on the entire judgment of sentence. *See Commonwealth v. Deshong*, 850 A.2d 712, 714 (Pa. Super. 2004) (citing *Commonwealth v. Goldhammer,* 517 A.2d 1280 (Pa. 1986); *Commonwealth v. Farone*, 808 A.2d 580 (Pa. Super. 2002)) (when a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated, and the matter remanded for resentencing).

In light of our disposition, we do not reach Appellant's challenge to the discretionary aspects of his sentence.[3]

Judgment vacated. Case remanded. Jurisdiction relinquished.

_____

[3] Assuming we were to reach Appellant's challenge to the discretionary aspects of his sentence, we would have found that Appellant was not entitled to appeal on this claim. Although Appellant filed a timely notice of appeal pursuant to Pa.R.A.P. 902 and 903, properly preserved the issue in a motion to modify sentence pursuant to Pa.R.Crim.P. 720, and included a separate section in his brief to this Court pursuant to Pa.R.A.P. 2119(f), he failed to raise a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or contrary to the fundamental norms which underlie the sentencing process, and, thus, Appellant's challenge would fail to merit our discretionary review. *See Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (citations omitted) (challenges to discretionary aspects of sentencing do not entitle appellant to appeal as of right and must satisfy a four-part analysis; determination of what constitutes a substantial question must be evaluated on a case-by-case basis), *reargument denied* (July 7, 2018); *see also, e.g., Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) ("[a]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors" raises a substantial question (citation omitted)); *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) ("claim the trial court failed to state its reasons for deviating from the guidelines" raises a substantial question).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19