J-S01027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANDRA LOUISE BJORK | : | |
| | : | |
| Appellant | : | No. 1803 EDA 2019 |

Appeal from the Judgment of Sentenced Entered May 30, 2019,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0005550-2018.

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 17, 2021**

Sandra Louise Bjork appeals from a judgment of sentence that followed her guilty plea to driving under the influence.[1] In a bifurcated sentencing procedure, the trial court first sentenced Bjork to complete an intermediate-punishment program for six months with 30 days of house arrest, and, at Bjork's request, the trial court later imposed restitution in the amount of $1,729.78 for the damage Bjork inflicted upon the victim's car. The Supreme Court of Pennsylvania recently endorsed this practice under the Rules of Criminal Procedure and the Judicial Code in **_Commonwealth v. Cochran_**, ____ A.3d ____, 2021 WL 191659 (Pa. 2021). We therefore affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

On April 9, 2019, Bjork pleaded guilty to driving under the influence,[2] and the court sentenced her that day, as described above. In formulating her sentence, the sentencing court completed a form order as follows:

Now, *April 9, 2019*, THE SENTENCE IS THAT YOU

*X* pay the costs of prosecution, _____ . . .

*X* pay a fine of *$1,000.00* and an E.M.S. fine of *$10.00*,

_ make restitution to _____ in the sum of $_____ . . . .

April 9, 2019 Order of Sentence (italics indicates wording typed onto the form order); **see also** April 9, 2019 Order Imposing Special Conditions (accord). Critically, the court neither placed an X next to the restitution line nor entered a recipient's name or dollar amount for restitution. Hence, no restitution order issued at the first sentencing.

Critically, however, the Commonwealth presented a monetary value at the first sentencing hearing that it believed would cover the damages to the victim's car. Bjork objected to that amount and therefore requested a separate hearing for the Commonwealth to establish the restitution amount. The sentencing court said, "if she wants a restitution hearing, I'll do that and make [the victim] come in" and testify. N.T., 4/9/21, at 9.

Bjork replied, "Sure." **Id.**

---

[2] 75 Pa.C.S.A. § 3802(d)(1)(i). The underlying facts of this case are basically irrelevant, because it presents a purely procedural issue. We note, however, that this case arose on August 11, 2018, when Bjork struck and damaged Kari Keyock's vehicle and fled the scene.

The sentencing court therefore scheduled what it called a "restitution hearing" for May 30, 2019 at Bjork's request.

At the restitution hearing, Bjork then objected on the grounds that the trial court lacked jurisdiction over her, because the April 9, 2019 sentence had become final and any imposition of restitution would be illegal. Overruling that jurisdictional objection, the court ordered Bjork to pay $1,729.78 in restitution. This timely appeal followed.

Bjork raises the following issue:

> Did the trial court err in imposing restitution, pursuant to 18 Pa.C.S. § 1106, in [Bjork's] criminal case on May 30, 2019 where no restitution was ordered at sentencing on April 9, 2019?

Bjork's Brief at 4.

"[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence . . . Such issues pose questions of law, over which our review is plenary." *Commonwealth v. Hall*, 80 A.3d 1204, at 1211 (Pa. 2013).

The procedural posture in this case is identical to *Cochran*, *supra*. In that case, the judgment of sentence only became final once the trial court imposed the order of restitution. After pleading guilty to charges that arose from inflicting damage to a home, the defendant "disputed whether he was responsible for that total amount [of restitution] the Commonwealth requested, because some of the destroyed or damaged property had belonged to him." *Cochran*, ___ A.3d at ___, 2021 WL 191659 at *1.

The defendant requested that "a hearing be scheduled to determine the proper restitution amount. The trial court granted the request and proceeded with the guilty plea colloquy." *Id.* "Following the entry of the plea, the trial court proceeded to the non-restitution aspects of sentencing." *Id.* at *2. The trial court imposed incarceration of time served and then scheduled a restitution hearing for two months later. At the second hearing, the defendant objected to the trial court's jurisdiction on the grounds that his sentence had become final 30 days after the initial imposition of incarceration. The trial court disagreed, imposed an order of restitution, and the defendant appealed.

This Court vacated the order of restitution as an illegal sentence in an unpublished memorandum. However, we concluded that our order vacating the restitution portion of the defendant's sentence disrupted the trial court's original sentencing scheme and remanded for a *de novo* sentencing, under **Commonwealth v. Goldhammer**, 517 A.2d 1280 (Pa. 1986).

The defendant appealed. The Supreme Court of Pennsylvania held that the trial court's order of restitution was a legal sentence, because the defendant requested the restitution hearing. The Supreme Court said:

> The circumstances of this particular case are unique in that [the defendant] at the time of [the initial] sentencing agreed to proceed with sentencing but disputed the restitution amount and requested an additional hearing. There is nothing in the Rules of Criminal Procedure or the Judicial Code that precludes a sentencing court from conducting a sentencing proceeding over multiple days as the needs of the parties and the court's schedule may necessitate. Accordingly, the trial court announced the incarceration portion of the sentence with other conditions in an order

dated June 29, 2017. In response to [the defendant's] request, the order included setting a date for a further hearing on August 28, 2017 to address certain factual issues about the ownership of the damaged property included in the Commonwealth's valuation of restitution. On this record, it is apparent the sentencing court proceeded with a segmented or bifurcated sentencing hearing, resulting in a complete and final order only on September 15, 2017. Viewed in this manner, the sentence is compliant with Section 1106 and the issues raised by Appellant and addressed by the Superior Court moot.

. . . contrary to a plain reading of the record, the Superior Court erroneously presumed that the "time of sentencing" for the purpose of Section 1106 occurred solely on June 29, 2017. Because the final complete sentencing order was entered on September 15, 2017, we conclude Appellant had no basis to challenge the sentencing court's jurisdiction under Section 1106(c)(2).

**Cochran**, ___ A.3d at ___, 2021 WL 191659 at *6–7.

As in **Cochran**, Bjork "at the time of sentencing agreed to proceed with sentencing but disputed the restitution amount and requested an additional hearing." **Id.** at *6. We therefore conclude that this is another case where the defendant authorized the trial court to "proceeded with a segmented or bifurcated sentencing hearing, resulting in a complete and final order" at the May 30, 2019 restitution hearing. **Id.**

Accordingly, the bifurcated sentencing that the defendant requested and the trial court employed comported with Section 1106. The issue Bjork has raised on appeal is moot. **See Cochran**, **supra**.

Judgment of sentence affirmed.

- 5 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*