J-S63005-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID L. BAYNES | : | |
| | : | |
| Appellant | : | No. 1437 WDA 2017 |

Appeal from the Judgment of Sentence June 8, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000244-2014,
CP-02-CR-0002773-2014

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    FILED JANUARY 25, 2019

David L. Baynes appeals from the judgment of sentence imposed June

8, 2017, in the Allegheny County Court of Common Pleas. The trial court re-

sentenced Baynes to an aggregate term of 23½ to 47 years' imprisonment

following his convictions of rape, involuntary deviate sexual intercourse

("IDSI"),[1] and related charges at Docket No. 244-2014, and simple assault[2]

at Docket No. 2773-2014. The court also determined Baynes met the criteria

for classification as a sexually violent predator ("SVP") pursuant to

_____

* Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S. §§ 3121(a)(1) and 3123(a)(1).

[2] See 18 Pa.C.S. § 2701(a)(1).

Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA").[3] On appeal, Baynes challenges both the legality and discretionary aspects of his sentence. For the reasons below, we are, once again, constrained to vacate his sentence, and remand for resentencing.

The facts underlying Baynes' convictions are summarized in a prior memorandum decision of this Court, and we need not recite them herein. See Commonwealth v. Baynes, 156 A.3d 332 [378 WDA 2015] (Pa. Super. 2016) (unpublished memorandum at *1-*2). In summary, at Docket No. 244-2014, Baynes was charged with rape, IDSI, sexual assault, indecent assault, indecent exposure, and simple assault,[4] for his attack on a woman, S.H., who was staying with him after she was ousted from a drug recovery house. After those charges were filed, another woman, M.S., came forward claiming Baynes had sexually assaulted her as well. At Docket No. 2773-2014, he was charged with similar crimes with respect to his assault of M.S. The cases were consolidated for a joint trial. On November 5, 2014, a jury found Baynes guilty of all charges at Docket No. 244-2014. At Docket No. 2773-2014, the jury acquitted Baynes of the sexual offenses, but convicted him of simple assault. The trial court directed the Sexual Offender Assessment Board ("SOAB") to perform an assessment of Baynes to determine if he met the

_____

[3] See 42 Pa.C.S. §§ 9799.10-9799.41.

[4] See 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3126(a)(7), 3127, and 2701(a)(1), respectively.

criteria for classification as an SVP. See 42 Pa.C.S. § 9799.24. The next day, the Commonwealth notified Baynes of its intent to invoke the mandatory minimum sentencing provision of 42 Pa.C.S. § 9718.2(a), calling for a minimum 25 years' imprisonment based on a second-strike, since he had previously been convicted of a sexual offense.

On February 16, 2016, the trial court conducted a combined SVP and sentencing hearing. Based on the SOAB's findings, the court determined Baynes met the criteria for classification as an SVP, and sentenced him to an aggregate term of 25 to 50 years' imprisonment. Specifically, the court imposed the following sentences at Docket No. 244-2014: (1) a term of 10 to 20 years for rape, (2) a consecutive term of 10 to 20 years for IDSI, and (3) a consecutive term of five to 10 years for sexual assault. However, the court imposed no further punishment on the remaining convictions at Docket No. 244-2014, or on the simple assault conviction at Docket No. 2773-2014.

Baynes filed a timely direct appeal, arguing the trial court erred in failing to conduct a full colloquy when he chose not to attend the jury selection and first day of his trial. See Baynes, supra. A panel of this Court rejected that claim. Nevertheless, the panel found the sentence imposed was illegal, and vacated it sua sponte. Specifically, the panel concluded the trial court: (1) erred when it imposed a sentence for sexual assault, as that charge should have merged with either rape or IDSI for sentencing purposes; and (2) failed to impose the second-strike mandatory minimum sentencing provision of Section 9718.2(a). See id., 156 A.3d 332 (unpublished memorandum at *5-

*6). The panel remanded the case with the following instruction: "When resentencing [Baynes], the court must properly apply both merger law and the second-strike provision of Section 9718.2(a)(1), which is not satisfied by the aggregate sentence we have just vacated." Id. (unpublished memorandum at *6). Baynes' subsequent petition for allowance of appeal in the Pennsylvania Supreme Court was denied. See Commonwealth v. Baynes, 165 A.3d 875 (Pa. 2017).

On June 8, 2017, the trial court resentenced Baynes to an aggregate term of 23½ to 47 years' imprisonment, comprised of the following consecutive sentences: (1) at Docket No. 244-2014, 10 to 20 years for rape, 10 to 20 years for IDSI, and two and one-half to five years for indecent exposure, and (2) at Docket No. 2773-2014, one to two years for simple assault. Baynes filed a post-sentence motion, challenging the discretionary aspects of his new sentence. The trial court denied the motion on July 31, 2017, and this timely appeal followed.[5, 6]

_____

[5] We note that Baynes' notice of appeal lists both docket numbers. See Notice of Appeal, 8/30/2017. In June of 2018, the Pennsylvania Supreme Court in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Id. at 977 (footnote omitted). Nevertheless, the Walker Court specifically announced its decision would be applied prospectively only. See id. Therefore, because the notice of appeal in the present case was filed before Walker, we need not quash this appeal.

[6] On August 31, 2017, the trial court ordered Baynes to file a concise statement of errors complained of on appeal by October 16, 2017. See

- 4 -

Baynes raises five issues on appeal, all challenging either his sentence or his registration requirements under SORNA. The Commonwealth concedes Baynes is entitled to resentencing on two bases. First, the trial court imposed an illegal sentence on his conviction of indecent exposure, which was graded as a first-degree misdemeanor when it should have been graded as a second-degree misdemeanor.[7] See Baynes' Brief at 24-25; Commonwealth's Brief at 12-14. Indecent exposure is graded as a first-degree misdemeanor only if the defendant "knows or should have known that any of the persons present [were] less than 16 years of age[.]" 18 Pa.C.S. § 3127(b). Here, the Commonwealth admits there was no evidence presented that any persons under the age of 16 were present when Baynes committed the crime. See Commonwealth's Brief at 13. Because the statutory maximum sentence permissible for a second-degree misdemeanor is two years, we agree the two and one-half to five year term imposed on Baynes' indecent exposure conviction was illegal.

_____

Pa.R.A.P. 1925(b). Baynes complied with the court's directive and filed a concise statement on October 13, 2017.

[7] Although this claim was not presented to the trial court, it raises a challenge to the legality of Baynes' sentence. See Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa. Super. 2008). Accordingly, it may be raised for the first time on appeal, or by an appellate court sua sponte. See Commonwealth v. Batts, 163 A.3d 410, 434 (Pa. 2017).

Furthermore, the Commonwealth recognizes Baynes' designation as an SVP must be vacated under the current state of the law.  We agree.

Our ruling is based upon two recent appellate court decisions.[8]  First, on July 17, 2017, the Pennsylvania Supreme Court held in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), that SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the ex post facto clauses of the federal and Pennsylvania constitutions.  Thereafter, on October 31, 2017, a panel of this Court, in Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018),[9] recognized that "Muniz was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment."  Id. at 1215.  As such, the panel concluded the statutory

_____

[8] This issue, too, was not raised before the trial court; however, because it implicates the legality of Baynes' sentence, and it may be raised for the first time on appeal.  See Batts, supra.

[9] The Pennsylvania Supreme Court granted allowance of appeal on the following claim:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

Commonwealth v. Butler, 190 A.3d 581, 582 (Pa. 2018).  At this time, however, the Butler decision is controlling.

mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S. § 9799.24(e)(3), which permits a trial court to make the determination based upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Accordingly, the Butler panel held: "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." Butler, supra, 173 A.3d at 1218. Therefore, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to determine his proper registration period pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15. See id.

The decision in Butler compels the same result here. Accordingly, we vacate Baynes' designation as an SVP and his concomitant lifetime registration requirement under SORNA. Upon remand for resentencing, we direct the trial court to determine Baynes' proper registration period, and provide notice to him thereof.

Moreover, our independent review of the record reveals another basis for vacating Baynes' most recent sentence. The trial court failed to apply the Section 9718.2 second-strike mandatory minimum sentence of 25 years'

imprisonment to Baynes' conviction of either rape or IDSI as instructed by the prior panel of this Court.[10]  See Baynes, supra.

It is well-established that the Commonwealth has the sole discretion to invoke a mandatory minimum sentence.  Commonwealth v. Mebane, 58 A.3d 1243, 1249 (Pa. Super. 2012).  "Once properly invoked by the prosecution, a mandatory minimum sentence cannot be circumvented as a matter of judicial discretion."  Id.  See 42 Pa.C.S. § 9718.2(d) ("There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for … or to place the offender on probation or to suspend sentence.").

Here, prior to Baynes' original sentencing hearing, the Commonwealth filed a notice of its intention to invoke the mandatory minimum sentence of 25 years' imprisonment set forth in Section 9718.2(a)(1), based upon Baynes' prior conviction of sexual assault.  Although the court imposed an aggregate minimum term of 25 years' imprisonment, it did not impose the requisite mandatory minimum sentence.  See Baynes, supra, 156 A.3d 332 (unpublished memorandum at *5).  Consequently, the panel that considered Baynes' direct appeal vacated the judgment of sentence and remanded the case to the trial court to, inter alia, "properly apply … the second-strike provision of Section 9718.2(a)(1), which [was] not satisfied by the aggregate

---

[10] As the panel noted on Baynes' direct appeal, "[w]e can raise and review an illegal sentence sua sponte."  Baynes, supra, 156 A.3d 332 (unpublished memorandum at *4).

sentence[.]" Id. (unpublished memorandum at *6). Nevertheless, upon remand, the trial court declined to impose the mandatory minimum term set forth in Section 9718.2(a)(1), instead choosing to impose consecutive sentences on several distinct convictions.[11] Accordingly, we are compelled to vacate Baynes' judgment of sentence on this basis as well, and remand to the trial court to apply the second-strike provision of Section 9718.2(a)(1).

As for the three remaining claims listed in Baynes' brief, we find he is entitled to no further relief. First, Baynes argues the trial court had no authority at resentencing to impose a term of imprisonment on the two counts for which he was assessed no further penalty during his original sentencing, i.e., indecent exposure and simple assault. See Baynes' Brief at 19-23. He insists "the imposition of new sentences as to those counts was reversible error insofar as he was not serving a sentence as to those counts." Id. at 19.

Preliminarily, we note Baynes relies almost exclusively on statutory and case law regarding the Post Conviction Relief Act,[12] which is inapplicable since

_____

[11] During the resentencing hearing, the trial court expressed confusion concerning the mandatory minimum sentencing requirements:

> I'm not real sure what the Superior Court wants me to do with these kind[] of sentencings since this is a second sexual offense. I don't know if it's supposed to be 25 to life, or if we are supposed to sentence the way I sentenced. Since there are conflicting opinions from the Superior Court, I'm just taking my best shot.

N.T., 6/8/2017, at 12.

[12] See 42 Pa.C.S. §§ 9541-9546.

this is a direct appeal from the judgment of sentence. Nevertheless, we note that "[w]hen a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." Commonwealth v. Goldhammer, 517 A.2d 1280, 1283 (1986), cert. denied, 480 U.S. 950 (1987). Therefore, after this Court vacated Baynes' original sentence and remanded the case for resentencing, the trial court had the authority to impose any legal sentence.

Baynes also challenges the discretionary aspects of his June 8, 2017, sentence, insisting the court imposed a manifestly excessive and unreasonable sentence. See Baynes' Brief at 25-31. Because we have vacated Baynes' entire sentence on a different basis, we find this claim to be moot.

Lastly, Baynes contends the newly enacted registration requirements of SORNA,[13] which will apply to him upon remand, are "punitive, unlawful and unconstitutional." Id. at 34. Baynes notes that while the statute was amended to address the concerns in Muniz,[14] the burdens placed on registrants under the new requirements are as punitive as those in Muniz. See id. at 37-38. However, as the Commonwealth explains in its brief, Baynes has not yet been sentenced under this statute; therefore, "any ruling on its

_____

[13] See 2018, Feb. 21, P.L. 27, No. 10, § 19.

[14] See 42 Pa.C.S. § 9799.51(d)(4) (explaining the intention of the General Assembly in amending the statute was to, inter alia, address the concerns of the Muniz and Butler Courts).

constitutionality in the instant appeal would be premature." Commonwealth's Brief at 20. We agree. See Commonwealth v. Semuta, 902 A.2d 1254, 1261-1262 (Pa. Super. 2006) (holding defendant had no standing to challenge constitutionality of statute under which he was not convicted), appeal denied, 932 A.2d 1288 (Pa. 2007).

Accordingly, because the trial court (1) imposed an illegal sentence on Baynes' conviction of indecent exposure, and (2) neglected to impose the mandatory minimum sentence requested by the Commonwealth, we vacate Baynes' judgment of sentence, and remand for resentencing.[15] Additionally, we vacate Baynes' designation as an SVP, and direct the trial court to provide notice to Baynes of his proper registration requirements.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2019

---

[15] Because our disposition upsets the entire sentencing scheme, we vacate the entire sentence and remand for resentencing. See Goldhammer, supra.