J-S07025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON DELVALLE | : | |
| | : | |
| Appellant | : | No. 3362 EDA 2018 |

Appeal from the PCRA Order October 6, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012055-2008

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                              Filed:  April 15, 2020

Appellant, Jason Delvalle, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which granted in part and denied

in part his first petition filed under the Post-Conviction Relief Act ("PCRA").[1]

We affirm in part, vacate in part, and remand for resentencing.

The relevant facts and procedural history of this case are as follows.  In

2008, Appellant raped and sexually abused Victim, a minor.   The

Commonwealth subsequently charged Appellant with rape of a child,

involuntary deviate sexual intercourse ("IDSI") with a child, aggravated

indecent assault of a child, endangering the welfare of a child ("EWOC"), and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

related offenses. On February 4, 2010, Appellant proceeded to a jury trial, during which Appellant testified in his own defense. Following Appellant's testimony, the court accepted the parties' stipulation to Appellant's prior adjudication of delinquency for theft.

On February 9, 2010, the jury convicted Appellant of rape of a child, IDSI with a child, aggravated indecent assault of a child, EWOC, indecent assault of a person less than 13, and corruption of minors. With the benefit of a pre-sentence investigation report, the court sentenced Appellant on May 13, 2010, to an aggregate term of twenty-three and one-half (23½) to forty-seven (47) years' incarceration, plus seven (7) years' probation; the sentence for IDSI with a child included a mandatory minimum term of ten (10) years' incarceration. The court also imposed lifetime sex offender registration requirements.[2] On May 20, 2010, Appellant timely filed a post-sentence motion, challenging the discretionary aspects of sentencing, which the court denied that same day. This Court affirmed the judgment of sentence on August 5, 2013, and our Supreme Court denied allowance of appeal on March 5, 2014. *See Commonwealth v. Delvalle*, 83 A.3d 1056 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 624 Pa. 686, 87 A.3d 318 (2014).

Appellant timely filed *pro se* his first PCRA petition on December 29,

_____

[2] The court did not adjudicate Appellant a sexually violent predator.

- 2 -

2014, and an amended *pro se* PCRA petition on April 8, 2015. The PCRA court subsequently appointed counsel, who filed an amended petition on August 25, 2016, and a supplemental amended petition on November 2, 2016. In his petition, Appellant raised multiple claims of ineffective assistance of counsel and asserted his sentence included an illegal mandatory minimum term per **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and its Pennsylvania progeny. On October 6, 2017, the PCRA court granted in part and denied in part Appellant's PCRA petition. Specifically, the court granted resentencing without imposition of the mandatory minimum sentence for the IDSI with a child conviction, but denied PCRA relief in all other respects regarding Appellant's ineffectiveness claims. Even though the court's order formally denied PCRA relief concerning the ineffectiveness claims, the order confusingly indicated that it would be issuing notice of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907, sometime in the future. The court, however, did not issue Rule 907 notice subsequent to its order.

On November 19, 2018, the court vacated the May 13, 2010 judgment of sentence for IDSI with a child, and resentenced Appellant on that charge to eight and one-half (8½) to sixteen (16) years' incarceration; the sentences on Appellant's other convictions remained intact. Appellant's aggregate sentence remained twenty-three and one-half (23½) to forty-seven (47) years' incarceration, plus seven (7) years' probation. During the resentencing

hearing, the following exchange occurred regarding the absence of Rule 907

notice with respect to the denial of Appellant's ineffectiveness claims:

> THE COURT: Okay. I already ruled on the [resentencing issue] of the PCRA [petition], I believe, back on October 6 of 2017. The other issues in the PCRA [petition], I dismissed those, but I allowed the Commonwealth to, as further agreement, on the resentencing issue on the one charge. I have not filed a [Rule] 907 notice or anything along those lines on the dismissal pending the results of this resentencing hearing. So there's nothing to offer.
>
> * * *
>
> THE COURT: As a result of the [c]ourt's decision on the Post-Conviction Relief Act proceeding, [Appellant] is advised he has the right to appeal.
>
> [COMMONWEALTH]: That's correct, Your Honor. Your Honor has given the defense adequate notice in advance of its intention to dismiss. [Appellant] is present in court and counsel is well aware of the fact that this [c]ourt intended to dismiss the other issues.
>
> THE COURT: You're saying it obviates the need for a [Rule] 907 [notice]?
>
> [COMMONWEALTH]: I believe so.
>
> THE COURT: Does defense agree?
>
> [DEFENSE COUNSEL]: I agree, because [Appellant]'s going to appeal.

(N.T. Resentencing Hearing, 11/19/18, at 5-6).

On November 21, 2018, Appellant filed a notice of appeal. The court

ordered Appellant on December 6, 2018, to file a concise statement of errors

complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on

January 4, 2019, raising challenges only to the denial of PCRA relief on his ineffectiveness claims.

Appellant raises two issues for our review:

> WHETHER THE COURT ERRED IN DENYING…APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING ON THE ISSUES RAISED IN THE AMENDED PCRA PETITION REGARDING TRIAL COUNSEL'S INEFFECTIVENESS[?]
>
> WHETHER THE COURT ERRED IN NOT GRANTING RELIEF ON THE PCRA PETITION ALLEGING COUNSEL WAS INEFFECTIVE[?]

(Appellant's Brief at 10).

As a preliminary matter, the timeliness of an appeal is a jurisdictional question, which this Court may raise *sua sponte*. **Commonwealth v. Trinidad**, 96 A.3d 1031 (Pa.Super. 2014), *appeal denied*, 627 Pa. 758, 99 A.3d 925 (2014). "[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Absent extraordinary circumstances such as fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

In general, where a PCRA court denies relief on all ineffectiveness claims but grants limited relief in the form of resentencing, an appellant must appeal from the order denying relief on the ineffectiveness claims within 30 days; the appeal period is not tolled pending resentencing. **Commonwealth v.**

- 5 -

*Gaines*, 127 A.3d 15 (Pa.Super. 2015) (*en banc*). Specifically, this Court explained:

> In general, appeals are properly taken from final orders. *See* Pa.R.A.P. 341(b)(2) (stating…appeal lies from…order that "is expressly defined as a final order by statute[]"). … Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.
>
>> An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.
>
> Pa.R.Crim.P. 910. By its plain text, Rule 910 has no exceptions. It is absolute. Further, the comment to Rule 910 states that "[a] partial disposition under Rule 907[3] is not a final order until the judge has fully disposed of all claims." *Id.* at cmt.
>
> In our view, there can be no serious dispute that the order granting in part and denying in part all the issues raised in the PCRA petition "finally disposed" of [a]ppellant's PCRA petition. Pa.R.Crim.P. 910. Here, [a]ppellant's PCRA petition raised several claims, each seeking either a new trial or resentencing. The PCRA court granted one sentencing claim and denied all claims for a new trial. As a result, the court's July 15, 2013 order ended collateral proceedings and called for a new sentencing proceeding, which is a trial court function, not a collateral proceeding function. Therefore, the PCRA court's order disposed of all of [a]ppellant's claims in his PCRA petition, terminating its role in the proceedings. *See id.* at cmt. Under a plain, straightforward application of Rule 910, the PCRA court's order was a final one.

*Id.* at 17-18 (internal footnotes omitted) (quashing appeal where appellant did not appeal within 30 days of order denying PCRA relief on all claims requesting new trial but granting limited resentencing relief).

Instantly, the PCRA court entered an order granting in part and denying

in part Appellant's PCRA petition on October 6, 2017. Because the court's order denied all of Appellant's ineffectiveness claims, the order was "final" for purposes of Rule 910, ending all collateral proceedings. *See id.* Although the court also ordered resentencing, the resentencing proceeding is a trial court function, not a collateral proceeding function. *Id.* Consequently, Appellant's appeal from the denial of PCRA relief on his ineffectiveness claims was due within 30 days, on Monday, November 6, 2017.

Nevertheless, the October 6, 2017 order created confusion by indicating that Rule 907 notice would be forthcoming, even though Rule 907 notice should have preceded the court's order. *See* Pa.R.Crim.P. 907(1) (explaining that if judge is satisfied from review of PCRA petition that there are no genuine issues concerning any material fact and that defendant is not entitled to post-conviction relief, and no purpose would be served by any further proceedings, judge shall give notice to parties of intention to dismiss petition and shall state in notice reasons for dismissal; defendant may respond to dismissal within 20 days of date of notice; judge **thereafter** shall order petition dismissed, grant leave to file amended petition, or direct that proceedings continue). The court's October 6, 2017 order also failed to advise Appellant of his appellate rights. *See* Pa.R.Crim.P. 907(4) (stating when petition is dismissed without hearing, judge shall promptly issue order to that effect and shall advise defendant by certified mail, return receipt requested, of right to appeal from final order disposing of petition and of time limits within which appeal must

be filed).

Under these circumstances, it was reasonable for Appellant to believe the October 6, 2017 order was not a "final" order under Rule 910. The PCRA court's errors constitute a breakdown in the operations of the court, which excuses Appellant's late filing of his notice of appeal. ***See Patterson, supra***. ***See also Commonwealth v. Meehan***, 628 A.2d 1151 (Pa.Super. 1993), *appeal denied*, 538 Pa. 667, 649 A.2d 670 (1994) (excusing untimeliness of appeal from denial of PCRA petition, where PCRA court failed to advise petitioner of his right to appeal). Thus, we decline to dismiss the appeal as untimely and proceed to address the issues Appellant raises in his brief.

In his issues combined, Appellant argues trial counsel failed to present an expert witness to rebut the testimony of the Commonwealth's expert, Dr. Maria McColgan, that 95% of the sexual abuse victims she had examined exhibited no signs of physical injury. Appellant asserts trial counsel also failed to present character witnesses in response to the admission of Appellant's prior adjudication for theft, a *crimen falsi* offense. Appellant claims trial counsel further erred by failing to preserve a challenge to the discretionary aspects of his sentence on direct appeal by excluding from Appellant's post-sentence motion, a claim that the original sentencing court failed to explain its sentencing rationale on the record. Appellant maintains appellate counsel attempted to challenge the discretionary aspects of his sentence on direct appeal, but this Court deemed the issue waived for the insufficient post-

sentence motion. Appellant avers his EWOC sentence was above the aggravated range of the sentencing guidelines, so but for counsel's failure to preserve the issue, Appellant would have received a reduced sentence. Appellant contends his various ineffective assistance of counsel claims amount to cumulative error. Appellant insists the PCRA court erred by declining to hold an evidentiary hearing on his claims. Appellant concludes this Court should vacate the order denying PCRA relief and grant appropriate relief.[3] We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

---

[3] Appellant also argues on appeal that he received an illegal mandatory minimum sentence on his IDSI with a child conviction. The record confirms the PCRA court vacated the illegal sentence and Appellant received a new sentence that did not include a mandatory minimum term. Thus, the record belies this claim.

Further, to the extent Appellant complains about the lack of Rule 907 notice, Appellant agreed during the November 19, 2018 resentencing hearing that Rule 907 notice was unnecessary. Additionally, Appellant did not include in his Rule 1925(b) statement any claim regarding Rule 907 notice or his claim of "cumulative error." Therefore, those complaints are waived on appeal. **See Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)) (stating: "[A]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived"); Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal").

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

The provision of the PCRA regarding a request for an evidentiary hearing in effect at the time Appellant filed his petition provided: "Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." 42 Pa.C.S.A. § 9545(d)(1) (effective through December 23, 2018). ***See also*** Pa.R.Crim.P. 902(A)(15). It is within a PCRA court's discretion to decline to hold an evidentiary hearing where a petitioner fails to provide any certification regarding potential witnesses. ***Commonwealth v. Brown***, 767 A.2d 576, 583 (Pa.Super. 2001). "[T]he certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify

regarding[;]" the certification requirement can also be met by the proposed witness or the witness' attorney. ***Commonwealth v. Pander***, 100 A.3d 626, 640-41 (Pa.Super. 2014) (*en banc*), *appeal denied*, 631 Pa. 712, 109 A.3d 679 (2015). The content of the certification must comply with Section 9545(d)(1) and include an accurate summary of the missing witness testimony, to the best of the certifier's knowledge. ***Id.*** Significantly:

> PCRA hearings are not discovery expeditions, but are conducted when necessary to offer the petitioner an opportunity to prove his explicit assertion of ineffectiveness raising a colorable claim about which there remains an issue of material fact. Particularly when PCRA claims require examination of trial strategy, it is not enough to take a cold record, state alternative choices counsel could have made, and then declare an entitlement to relief. Mere conclusory allegations, without some proffer as to what counsel would say in response to the allegations are insufficient to establish entitlement to relief. Thus a supporting document from counsel stating his reasons for the course chosen is generally necessary to establish potential entitlement to a hearing.
>
> … Although [the Pennsylvania Supreme] Court has dismissed claims of ineffectiveness where appellant has not provided counsel's affidavit, [the Court has] indicated [the Court] may overlook the failure where appellant adequately explains why he did not submit it.

***Commonwealth v. Cousar***, 638 Pa. 171, 192-93, 154 A.3d 287, 299-300 (2017) (internal citations omitted).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). To prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. ***Commonwealth v.***

***Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007).  The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.  ***Id.  See also Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999).  "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting ***Commonwealth v. Ali***, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994).  "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests.  If we conclude that the particular course chosen by counsel had some

reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(internal citations and quotation marks omitted).

[T]o prevail on a claim of ineffectiveness for failing to call a witness, a [petitioner] must prove, in addition to meeting the three *Pierce* requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Wright*, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008). A petitioner's failure to identify or present potential witnesses is grounds for denial of relief. *Commonwealth v. Treiber*, 632 Pa. 449, 498, 121 A.3d 435, 464 (2015).

To succeed on an ineffectiveness claim for failure to preserve a challenge to the discretionary aspects of sentencing, the petitioner must demonstrate the underlying sentencing claim entitles the petitioner to relief.

*Commonwealth v. Jones*, 942 A.2d 903 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008). *See also Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119 (2007) (providing claim of ineffectiveness for failure to preserve discretionary sentencing issue requires showing of reasonable probability that sentencing court would have imposed lesser sentence).

Instantly, regarding Appellant's claim trial counsel was ineffective for failing to present opposing expert testimony, the PCRA court reasoned:

> There was no indication in [Appellant's PCRA] petition of what relief such an endeavor would have provided, the grounds for any such relief, [and] an identification of any affidavits, documents, or other evidence showing that such grounds existed. Nor was the petition accompanied, with regard to this issue, by a signed certification as to any proposed expert witness and the substance of the witness's proposed testimony or any documentation material to that testimony. One can only presume that the proposed testimony would have been required to have included any scientific foundation for the proposition that it is not true that in more than 95% of cases involving children who are sexually abused, no physical evidence of abuse is revealed during clinical examinations. Having not provided any of that information, [Appellant] would have been precluded from attempting to assert any support for any relief or to present any witnesses to provide such support at any evidentiary hearing. [PCRA] counsel appears to have been under the impression that [Appellant] was entitled to a hearing to see if he could dig up any such information….
>
> … In terms of the failure to call a witness there was no indication that (1) such an expert existed (2) who would have been available to testify and would have been able to scientifically refute the state's expert's statement and [of] whose existence (3) [trial] counsel was or should have been informed and (4) that the witness was prepared to cooperate and would have testified on [A]ppellant's behalf

and in his favor on the subject of physical evidence of sexual abuse and (5) that the absence of such testimony was prejudicial to [Appellant]'s case. … [Appellant]'s only explicit [asse]rtion is that his [trial] attorney should have called an expert witness to refute a single proposition by the Commonwealth's expert and nothing more. He made no attempt to demonstrate what the endeavor would have accomplished…. Nor did [Appellant] attempt to support his mere conclusory allegation with some proffer as to what trial counsel would have said in response to that allegation without which the claim was of insufficient support to establish entitlement to relief. …

(PCRA Court Opinion, filed June 28, 2019, at 16-18). The record supports the PCRA court's rationale. *See Conway, supra*. Appellant failed to meet his burden of satisfying the five-pronged test to succeed on a claim of ineffectiveness for failing to call a witness and did not identify any potential expert witness. *See Treiber, supra*; *Wright, supra*. Additionally, Appellant did not (1) obtain a statement from trial counsel detailing counsel's rationale for not presenting an opposing expert witness at trial or (2) provide an explanation for Appellant's failure to procure such a statement. *See Cousar, supra*. Therefore, the PCRA court properly denied Appellant's claim of ineffectiveness for failure to present expert witness testimony and Appellant's request for an evidentiary hearing on that claim. *See Wah, supra*; *Conway, supra*.

With respect to Appellant's claim that trial counsel was ineffective for failing to call character witnesses in response to the Commonwealth's introduction of his prior adjudication of delinquency for theft, Appellant did not establish trial counsel knew or should have known of the proposed character

- 15 -

witnesses. **See Wright, supra**. Additionally, Appellant did not (1) obtain a statement from trial counsel detailing counsel's reasoning for not presenting character witnesses at trial or (2) provide an explanation for Appellant's failure to procure such a statement. **See Cousar, supra**. Therefore, Appellant was not entitled to PCRA relief or an evidentiary hearing on that claim. **See Wah, supra**; **Conway, supra**.

Regarding Appellant's infectiveness claim for failure to preserve a challenge to the discretionary aspects of Appellant's EWOC sentence, initially, Appellant cites no law articulating why this claim would have raised a substantial question for review on direct appeal had it been properly preserved in his post-sentence motion. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (stating claim is waived where appellate brief does not include citation to relevant authority or fails to develop issue in any meaningful fashion capable of review). Therefore, this ineffective assistance of counsel claim is arguably waived.

Moreover, the PCRA court stated:

> [A]ppellant having failed to develop any argument, either factual or legal, that there was any possibility that a post-sentence motion alleging that the trial court had not set forth adequate reasons on the record to support its sentence would have had any possibility of success and resulted in a lesser sentence…again failed to meet the three part **Strickland**/**Pierce** ineffective assistance of counsel test. … Present counsel's banal but completely unsupported reproach that [Appellant] was 'prejudiced by this ineffectiveness because it precluded him from having a

- 16 -

> potentially meritorious issue reviewed by the appellate court and prior counsels' failure to preserve this issue before the courts in a sufficient manner cost him the opportunity to have his sentence reduced or reviewed' is just overblown hyperbole which by no means amounted to the development of a colorable claim demonstrating that there were actual issues of material fact that the PCRA requires petitioners to supply.

(PCRA Court Opinion at 22-23). We accept the PCRA court's analysis that Appellant failed to establish prejudice. *See **Steele, supra***; ***Reaves, supra***. Therefore, the PCRA court properly denied Appellant's claim of ineffective assistance of counsel concerning the discretionary aspects of sentencing and Appellant's request for an evidentiary hearing on this claim. *See **Wah, supra***; ***Conway, supra***.

Notwithstanding the propriety of the court's denial of PCRA relief on Appellant's ineffectiveness claims, our review of the record shows the court's November 19, 2018 judgment of sentence is legally infirm. ***See Commonwealth v. Randal***, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence may be raised by this Court *sua sponte*; illegal sentence must be vacated). Issues related to the legality of a sentence are questions of law. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). Our "standard of review is *de novo* and our scope of review is plenary." ***Id.*** The Sentencing Code provides, in relevant part: "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1).

Instantly, upon resentencing, the court imposed a term of eight and one-half (8½) to sixteen (16) years' incarceration on the IDSI with a child conviction. (**See** Resentencing Order, 11/19/18, at 1.) The minimum incarceration term, 8½ years, is greater than half of the maximum incarceration term, 16 years. Therefore, the November 19, 2018 sentence for the IDSI with a child conviction is illegal. **See** 42 Pa.C.S.A. § 9756(b)(1).

Based upon the foregoing, we affirm the PCRA court's denial of relief concerning Appellant's ineffectiveness claims, vacate the November 19, 2018 judgment of sentence in its entirety, and remand for resentencing.[4] **See**

_____

[4] Upon remand, the resentencing court must be cognizant of which sexual offender reporting requirements apply to Appellant's convictions. In December 2012, SORNA, at 42 Pa.C.S.A. §§ 9799.10-9799.41, became effective as the statute governing the registration and supervision of sex offenders. Following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), _cert. denied_, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), _rev'd_, 25 WAP 2018, ___ Pa. ___, ___ A.3d ___, 2020 WL 1466299 (Pa. filed March 26, 2020), the Pennsylvania General Assembly enacted legislation to amend SORNA. **See** Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.13, 9799.54. Notably, this Court recently determined the internet dissemination provision of Subchapter I is unconstitutional because it violates the federal _ex post facto_ clause. **See**

***Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case generally requires all sentences for all counts to be vacated so court can restructure entire sentencing scheme). ***See also Commonwealth v. Goldhammer***, 512 Pa. 587, 593, 517 A.2d 1280, 1283 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (stating generally if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).

Order affirmed; judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/20

---

***Commonwealth v. Moore***, 222 A.3d 16 (Pa.Super. 2019). Here, Appellant's sex offenses took place in 2008, so Subchapter I applies to his convictions.